UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABIGAIL URIAS RAMIREZ LOPEZ,
          Plaintiff,

- against -

TRI MEXICAN TACOS CORP, EL TRI TACOS CORP., CARLOS HUMALA, and LEONEL SAQUIPULLA, individually,
          Defendants.

24-cv-00242 (RPK) (JAM)

**ANSWER TO THE AMENDED COMPLAINT**

      Defendant Carlos Humala ("Defendant"), by and through their undersigned counsel, answers Plaintiff's Amended Complaint as follows:

## NATURE OF THE ACTION

With respect to Paragraph 1: Defendants admit that Plaintiffs assert these claims but deny that there is a factual or legal basis for bringing them.

With respect to Paragraph 2: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 3: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 4: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 5: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 6: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 7: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 8: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 9: Deny all or part of the claims made in this paragraph.

## JURISDICTION AND VENUE

With respect to Paragraph 10: Legal conclusion which does not require response.

With respect to Paragraph 11: Legal conclusion which does not require response.

With respect to Paragraph 12: Legal conclusion which does not require response.

With respect to Paragraph 13: Legal conclusion which does not require response.

## PARTIES

With respect to Paragraph 14: Does not require a response.

With respect to Paragraph 15: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 16: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 17: Legal conclusion which does not require response.

With respect to Paragraph 18: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 19: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 20: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 21: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 22: Deny all or part of the claims made in this paragraph.

## COMMON FACTUAL ALLEGATIONS

With respect to Paragraph 23: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 24: Deny all or part of the claims made in this paragraph.

   a. Deny all or part of the claims made in this paragraph.

   b. Deny all or part of the claims made in this paragraph

   c. Deny all or part of the claims made in this paragraph

   d. Deny all or part of the claims made in this paragraph

With respect to Paragraph 25: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 26: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 27: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 28: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 29: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 30: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 31: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 32: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 33: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 34: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 35: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 36: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 37: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 38: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 39: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 40: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 41: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 42: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 43: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 44: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 45: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 46: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 47: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 48: Deny all or part of the claims made in this paragraph.

## **FIRST CAUSE OF ACTION**

With respect to Paragraph 49: Does not require response.

With respect to Paragraph 50: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 51: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 52: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 53: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 54: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 55: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 56: Deny all or part of the claims made in this paragraph.

## SECOND CAUSE OF ACTION
## (Unpaid Minimum and Overtime Wages New York Labor Law)

With respect to Paragraph 57: Does not require response.

With respect to Paragraph 58: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 59: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 60: Deny all or part of the claims made in this paragraph.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Provide Notice at Time of Hiring

With respect to Paragraph 61: Does not require response.

With respect to Paragraph 62: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 63: Deny all or part of the claims made in this paragraph.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Provide Accurate Wage Statements

With respect to Paragraph 64: Does not require response.

With respect to Paragraph 65: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 66: Deny all or part of the claims made in this paragraph.

## PRAYER FOR RELIEF

a. Deny Plaintiffs' right to obtain such relief.

b. Deny Plaintiffs' right to obtain such relief.

c. Deny Plaintiffs' right to obtain such relief.

d. Deny Plaintiffs' right to obtain such relief.

e. Deny Plaintiffs' right to obtain such relief.

f. Deny Plaintiffs' right to obtain such relief.

g. Deny Plaintiffs' right to obtain such relief.

h. Deny Plaintiffs' right to obtain such relief.

i. Deny Plaintiffs' right to obtain such relief.

j. Deny Plaintiffs' right to obtain such relief.

k. Deny Plaintiffs' right to obtain such relief.

l. Deny Plaintiffs' right to obtain such relief.

m. Deny Plaintiffs' right to obtain such relief.

n. Deny Plaintiffs' right to obtain such relief.

o. Deny Plaintiffs' right to obtain such relief.

p. Deny Plaintiffs' right to obtain such relief.

q. Deny Plaintiffs' right to obtain such relief.

## AFFIRMATIVE DEFENSES

### I. As and for Defendant's First Affirmative Defense

Some of all of the claims asserted fail to state a claim upon which relief may be granted.

### II. As and for Defendant's Second Affirmative Defense

Some or all of the claims are barred by the statute of limitations.

### III. As and for Defendant's Third Affirmative Defense

Some or all of the claims are barred by the doctrines of waiver or estoppel.

### IV. As and for Defendant's Fourth Affirmative Defense

There is no jurisdiction in this Court due to the Corporate Defendant not meeting some or all of the jurisdictional thresholds.

### V. As and for Defendant's Fifth Affirmative Defense

Plaintiff was paid well in excess of the minimum wage for all hours worked.

### VI. As and for Defendant's Sixth Affirmative Defense

Plaintiff was paid well in excess of the minimum wage plus overtime premium for all hours worked.

### VII. As and for Defendant's Seventh Affirmative Defense

Any acts and/or omissions that may be found to violate any law were not willful and Defendant at all times acted in good faith.

### VIII. As and for Defendant's Eighth Affirmative Defense

Plaintiff has failed to join necessary parties.

### IX. As and for Defendant's Ninth Affirmative Defense

Defendants have not been properly served.

### X. As and for Defendant's Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### XI. As and for Defendant's Eleventh Affirmative Defense

Plaintiff was exempt from overtime

### XII. As and for Defendant's Twelfth Affirmative Defense

Defendant was not an employer under the FLSA or NYLL.

### XIII. As and for Defendant's Thirteenth Affirmative Defense

The attorneys' fees and costs sought by Plaintiff are not reasonable and should not be awarded.

### XIV. As and for Defendant's Fourteenth Affirmative Defense

Plaintiff did not work the hours alleged to have worked.

### XV. As and for Defendant's Fifteenth Affirmative Defense

Plaintiff has filed claims in bad faith and made frivolous allegations.

### XVI. As and for Defendant's Sixteenth Affirmative Defense

No claim for violation of NYLL § 195(1) exists.

### XVII. As and for Defendant's Seventeenth Affirmative Defense

Plaintiff is not entitled to liquidated and/or punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive and/or liquidated damages liability.

### XVIII. As and for Defendant's Eighteenth Affirmative Defense

Plaintiff has failed to mitigate their alleged damages.

### XIX. As and for Defendant's Nineteenth Affirmative Defense

Collective action certification is not warranted as Plaintiff is not similarly situated to any other individual employed by Defendant.

**XX.   As and for Defendant's Twentieth Affirmative Defense**

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or other investigation.

**XXI.   As and for Defendant's Twenty-first Affirmative Defense**

All actions taken by Defendant with regard to Plaintiff was for legitimate business reasons.

WHEREFORE, Defendant prays:

1. That the Complaint be dismissed with prejudice with judgment entered in Defendant's favor;

2. That the costs and attorneys' fees expended in defending this action be awarded; and

3. For such further relief which the Court deems just and proper.

Dated: May 9, 2024

                                        The Rose Law Group, PLLC

                                        _____/s/Jesse C. Rose_
                                        Jesse C. Rose
                                        3272 Steinway Street; Suite 503
                                        Astoria, New York 11103
                                        Tel: 718-989-1864
                                        Email: JRose@theroselawgroup.com