

April 21, 2025

VIA ECF
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Re: Ramirez v. El Tri MX Restaurant & Bar Corp. et al., Case No. 1:24-cv-00242-RPK-JAM
Plaintiff's Opposition to Defendants' Request for Leave to File Motion to Dismiss

Dear Judge Kovner:
We write in response to Defendants' April 21, 2025 letter seeking leave to file a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), based on the contention that Defendants do not meet the $500,000 gross volume threshold required for enterprise coverage under the Fair Labor Standards Act ("FLSA"). For the reasons set forth below, Defendants' request should be denied in its entirety.

I. The Court Must Resolve All Factual Disputes in Plaintiff's Favor
Defendants' request improperly invites the Court to resolve disputed facts in their favor, contrary to established Second Circuit precedent. Where jurisdictional issues are intertwined with the merits of the underlying claim — as they are here — the Court must defer resolution until summary judgment or trial. See *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004); *London v. Polish Slavic Fed. Credit Union*, No. 19-CV-6645, 2020 WL 1275619, at *3 (E.D.N.Y. Mar. 17, 2020).
Plaintiff's complaint specifically alleges that Defendants operated a business with more than $500,000 in annual gross volume and engaged in interstate commerce. These allegations are sufficient to establish jurisdiction at the pleading stage, and remain unrefuted by admissible evidence even after discovery.

II. Defendants Cite Inadmissible, Unsigned Tax Records
The only evidence Defendants cite are unsigned and unauthenticated tax returns. These documents are inadmissible and cannot support dismissal — even on summary judgment, let alone under Rule 12(b)(1). Courts in this Circuit consistently reject such incomplete and unverified documents. See *Rosario v. 2022 E. Tremont Hous. Dev. Fund Corp.*, No. 21-CV-9010, 2023 WL 1993700, at *5 (S.D.N.Y. Feb. 14, 2023) (unsigned tax records rejected at summary judgment); *Paniagua v. El Gallo No. 3 Corp.*, No. 22-CV-07073, 2024 WL 1046856, at *3 (S.D.N.Y. Mar. 11, 2024) (same).

Defendants had the opportunity to produce admissible, certified records during discovery but failed to do so. Their attempt now to rely on deficient documents is procedurally improper and substantively unavailing.

III. Defendants Previously Admitted the Corporation Was Defunct

Defendant Humala stated on the record that the corporation in question was defunct. Plaintiff cannot be expected to name a dissolved or inactive corporation as a defendant. It is disingenuous for Defendants to now rely on that same defunct entity's financials — particularly unauthenticated ones — to dispute federal jurisdiction. The Court should reject this shifting and self-serving position outright.

IV. Enterprise Coverage May Include Additional Entities

Even assuming the tax records were admissible (they are not), the analysis does not end there. FLSA enterprise coverage may be based on the total gross volume of related entities that operate with a common business purpose and unified control. See *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 368 (S.D.N.Y. 2014). Defendants have produced no discovery to rebut the possibility of joint enterprise coverage, and Plaintiff is entitled to present this theory at trial.

V. Enterprise Coverage is a Merits Issue, not a Jurisdictional One

Whether Defendants meet the $500,000 threshold is not a pure jurisdictional question, but one intertwined with the merits of Plaintiff's FLSA claims. As such, dismissal under Rule 12(b)(1) would be inappropriate. See *Luna v. Gon Way Constr., Inc.*, No. 20-CV-0893, 2022 WL 826856, at *4 (S.D.N.Y. Mar. 18, 2022); *Bravo v. Established Burger One LLC*, No. 12-CV-9044, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013).

Defendants' request for leave to file a motion to dismiss should be denied. The motion ignores controlling legal standards, and improperly seeks to resolve disputed factual issues that are reserved for summary judgment or trial. Plaintiff respectfully requests that the Court reject Defendants' request and permit this matter to proceed.

Respectfully submitted,
Lina Stillman
Counsel for Plaintiff